Coös,
June, 1895.

SMITH & a. v. HAMMOND & Trs.

An attachment of the property of a non-resident member of a partnership, for his individual debt, is not dissolved by proceedings in insolvency, instituted upon petition of the partners.

ASSUMPSIT.   Facts agreed.   The defendant was a member of the partnership of Hammond & Allen, who, previous to May 21, 1894, were engaged in business in West Stewartstown.   At that time, Hammond, a resident of Vermont, and Allen, a resident of this state, made an assignment in insolvency to the judge of probate of all the property of the firm, and the messenger took possession of it, together with Hammond's individual property in this state.   June 5, 1894, the plaintiffs brought this action to recover a debt due from Hammond alone, and summoned the messenger as trustee, claiming to charge him for the individual

property of Hammond in his possession. The assignee appointed by the probate court appeared as claimant.

*Drew, Jordan & Buckley,* for the plaintiffs.

*Thomas F. Johnson,* for the assignee.

*Per Curiam.** It is conceded that a debtor who is not an inhabitant of this state cannot make an assignment under the statute relating to insolvency. P. S., c. 201, s. 6. *Smith v. Stanley,* 67 N. H. 328. It is equally plain that a decree of insolvency cannot issue against him upon petition of his creditors, since section 42 only authorizes such proceedings to be taken against " a debtor residing in the county." *Ayer v. Weeks,* 65 N. H. 248. Both the non-resident and his creditors are precluded from instituting insolvency proceedings for the liquidation of his indebtedness, and attachments of his property are not dissolved thereby, as they are in the case of the insolvency of a resident debtor. P. S., c. 201, s. 26. The legislature did not intend that attachments of the debtor's property should be defeated by voluntary insolvency in a case in which they would not be defeated if the decree of insolvency were made upon the petition of creditors. If Hammond had not been in partnership with a resident, and had made an assignment of his property under the statute, it would have been void. The circumstance that he was a partner with Allen did not give the court jurisdiction to settle his individual estate upon the petition of both. His individual creditors could not have accomplished that result, and their legal disability to do so is strong evidence that the legislature did not intend to provide means for its accomplishment by the partners. This reasonable inference must prevail in the absence of an express provision of the statute authorizing the members of a firm to assign the individual property of a non-resident member. His assent to the assignment is immaterial. It " could not confer jurisdiction if it did not otherwise exist." *Ayer v. Weeks, supra.*

The provisions of the statute, that " the insolvency of a partnership shall render each partner insolvent within the meaning of this chapter " (s. 46), and that " the certificate of discharge shall be granted or refused to each partner as though the proceedings had been against him alone," but that " in all other respects the proceedings against partners shall be conducted as though against a single person " (s. 47), do not make it necessary to hold that the individual property of a non-resident member of a firm in insolvency vests in the firm's assignee. These statutory provisions relate to partnerships all of whose members are residents, and perhaps to partnerships some of whose mem-

---

*See foot-note on page 22.

bers are non-residents, but not to the individual estate of such members as reside outside the territorial limits of the state. Whether a partnership of residents and non-residents is, or is not, subject to our insolvency laws (*McDaniel* v. *King*, 5 Cush. 469, 476), it is unnecessary to inquire.

*Case discharged.*

All concurred.